[Civ. No. 7564. Second Appellate District, Division One.—May 10, 1933.]

PACIFIC COAST BUILDING–LOAN ASSOCIATION (a Corporation), Appellant, v. SEASIDE NATIONAL BANK (a National Banking Association), Respondent.

Overton, Lyman & Plumb for Appellant.

Keys & Houston for Respondent.

YORK, J.—This is an appeal by plaintiff from a judgment rendered in favor of the defendant in an action brought for damages by plaintiff against defendant. Plaintiff's complaint sets forth two causes of action, one for conversion and the other for money had and received for the plaintiff's use and benefit. Both causes of action arise from the same transaction and are for the same amount of money.

The dispute in the instant case arises over the way in which a draft was handled. The draft was made payable to G. P. Broughton and was thereafter indorsed by the said Broughton as follows: "Pay to the order of Pacific Coast Loan of Los Angeles—G. P. Broughton."

The defendant's answer denied that the plaintiff was the owner or was ever rightfully in possession or at all in possession of this draft, which was of the agreed value of $6,060. It was received by one C. M. North, who was agent for the plaintiff and carried on its business in the city of Long Beach. The court found, upon evidence, "That, as such agent of plaintiff, said C. M. North had ostensible authority to make collections and to pay withdrawals from plaintiff company, including coupons; to receive cash and checks payable to plaintiff company; to endorse plaintiff's name upon the checks; and to deposit the same in the defendant bank, both to the credit of plaintiff and to his individual credit." The court found that such draft was received by the said North with instructions from the said

G. P. Broughton to invest the draft in full paid-up membership certificates of plaintiff company in the amount of $6,000, the said $60 being for premiums. The court also found upon evidence introduced at the trial, "That prior to the 11th day of August, 1928, plaintiff company had ceased to issue full paid-up membership certificates, of which fact the said C. M. North informed the said G. P. Broughton; and the said C. M. North was, by G. P. Broughton, directed and instructed to invest the funds of G. P. Broughton, represented by said bank draft in the securities of another company other than plaintiff." The court also found: "That the said C. M. North, as the agent of plaintiff, endorsed the name of plaintiff upon the back of said draft and deposited the same in defendant bank to the credit and individual account of C. M. North in said bank.

"That the said C. M. North, acting as the agent and representative of G. P. Broughton, checked out from the defendant bank the said $6,060.00, for the benefit of G. P. Broughton; that plaintiff was, at no time, the owner, or was, at any time, in possession of the said $6,060.00 bank drafts; that at the institution of this suit, defendant was not, and is not now, indebted to plaintiff in any sum."

This matter comes before us on a bill of exceptions. The following evidence appears in said bill of exceptions as having been given by the said C. M. North. (Tr., pp. 28–33.)

"Chauncey M. North, called as a witness on behalf of the plaintiff and being first duly sworn, testified as follows:

*"Direct Examination.*

"By Mr. Prince: I have seen the draft which was drawn by the First National Bank of Montrose, Colorado, upon the National City Bank of New York, in favor of Mr. G. P. Broughton, dated August 7, 1928, for $6060.00. This draft was received by me from Mr. Broughton in a letter addressed to me at Long Beach, and was for the purpose of buying full paid membership shares in the Pacific Coast Building-Loan Association. After I received the draft I deposited it in the Seaside Bank to my credit. I wrote Mr. Broughton a letter and told him I had received instructions from the Pacific Coast Building-Loan Association that it was not issuing full paid membership shares any more. The endorsement on the back of the draft reading

'Pacific Coast Building Loan Association' is in my hand-writing. The writing 'C. M. North' also appearing on the back of the draft is my signature. I later drew a check on my account for $6060.00. I don't remember to whom the check was made payable, but the agent of the Bay Cities Building & Loan Association took possession of it.

"At this point a photostatic copy of the front and back of the draft was offered and received in evidence as Plaintiff's Exhibit 2.

" 'Exhibit 2.
" 'The First National Bank                                82–71
    " 'Montrose, Colorado, August 7, 1928.   No. 91883.
    " 'Pay to the order of G. P. Broughton $6060.00
Not Over Six Thousand Sixty Dollars   not over Dollars
To the National City Bank,
1–8 New York City, N. Y.
                      " 'C. B. AKARD, Vice President, Cashier.
" ' (No Protest 90–1148)
    " ' (Endorsements:)
    " 'Pay to order of Pacific Coast Building & Loan of Los Angeles.
                      " 'G. P. BROUGHTON
    " 'Pacific Coast Building Loan Association
                      " 'C. M. North
    " 'Received payment through New York Clearing House. Prior endorsements guaranteed.
    " 'Aug. 18, 1928.
    " 'The National Park Bank of N. Y.   1–54.'
    " (Reporter's Note: Rubber stamp endorsement of Seaside National Bank, dated Aug. 11, 192, Pay to the Order— balance illegible.)

"The witness continues: I never made any report of this transaction to Pacific Coast Building Loan Association.

"*Cross-Examination.*

"By Mr. Keys: I represented the plaintiff in Long Beach from June 1, 1926, until August 30, 1928, and maintained there an office for the transaction of its business. During that period of time the association maintained an account in the defendant bank and I maintained an individual account there. In the individual account I deposited cash belonging to Pacific Coast Building-Loan Association and

checks payable to, such association. From the individual account I paid withdrawals from the association.

"At this point a copy of the letter accompanying the draft was offered and received in evidence as defendant's Exhibit A.

" 'Exhibit A.
Robert Winfield Daniels
*Attorney at Law*
Phone 372–12
305 Henderson Building
San Bernardino, California.
" 'Montrose, Colorado, August 7, 1928.

" 'Pacific Coast B. & L. A.

" 'Dear Sir:

" 'Some time ago I was in your office and you told me to go to the lumber yard for information. You may remember me as I told you I would like to work out of your office.

" 'I am sending $6,060 for 600 shares of full paid M. shares. I may have some more before long. Can you get me some capital stock.

" 'Yours very truly,
" 'G. P. BROUGHTON.'

"The witness continues: A short time before I received the letter and draft from Mr. Broughton I received a letter from the plaintiff stating that it issued no more of the full paid membership shares. The only information that I received from the association or any of its officers or agents that the certificates would not be issued was contained in the letter which I have mentioned above.

"At this point a letter addressed by Mr. G. P. Broughton to C. M. North was marked as Defendant's Exhibit B for identification.

"The witness continues: The signature to. the letter marked as Defendant's Exhibit B for identification is that of Mr. Broughton. I first saw this letter some time after the date of the letter.

*"Redirect Examination.*

"By Mr. Prince: In my cross-examination I testified that during the course of the conduct of my office, I received checks payable to Pacific Coast Building-Loan Association and also cash. I don't think that I ever received any checks that were made payable to me directly. I did re-

ceive checks that were made payable to the depositors of the Pacific Coast Building-Loan Association and which were endorsed in blank by them, but I don't know what proportion of the checks that I received were drawn in this manner.

*"Recross-Examination.*

"By Mr. Keys: I generally placed the checks that were payable to me to the credit of Pacific Coast Building-Loan Association, and if I had paid out more than I had taken in I gave the association my check or else the association gave me a check to make the account balance. When the checks were payable to the customers of the Pacific Coast Building-Loan Association I endorsed them. Mr. C. A. Sargent, the assistant secretary of the association directed me to sign or endorse checks which were payable to their clients and to deposit them in the bank."

■ The appellant contends that C. M. North had no authority to indorse in the name of plaintiff drafts payable to the plaintiff, and to place the same to his individual credit with the defendant. There was sufficient evidence in the record to show that he had such authority, and that this draft was sent to C. M. North not solely as the agent of the plaintiff, but for a purpose which could not be carried out, and after the said North requested further instructions and received them, that he complied with said instructions as to the use of the money. There is no evidence in the record showing any consideration passing from the plaintiff to the said Broughton for the said draft in any manner, shape or form.

■ Appellant complains that the trial court committed error in admitting in evidence the following documents:

(a) Error in admitting in evidence daily reports made by C. M. North to plaintiff.

(b) Canceled checks indorsed by C. M. North in the name of the plaintiff, and placed in the personal account of C. M. North with defendant bank, and the deposit slips covering deposits made by C. M. North to his personal account with the defendant bank.

(c) Correspondence and telegrams written by either G. P. Broughton or C. M. North subsequent to the deposit of the draft in the account of C. M. North with the defendant bank.

All of this evidence was properly admitted by the trial court to show all the surrounding circumstances connected with the handling of this draft.

The bill of exceptions fails to disclose wherein or whereby the plaintiff lost anything by the action of the defendant bank.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.